| | |
|---|---|
| JOHN DAVID BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS KANE, et al.,<br><br>    Defendants. | No. 18-cv-3820 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:

John David Baker, No. 57359-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff John David Baker, a prisoner presently incarcerated at Federal Correctional Institution ("FCI") Fort Dix in Fort Dix, New Jersey, seeks to bring a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),[1] against Thomas Kane, the acting Director for the Federal Bureau of Prisons, and David Ortiz, the

---

[1] In the Complaint, Plaintiff states that he is bringing suit pursuant to 42 U.S.C. § 1983. ECF No. 34 at 4. Sections 1983 does not apply to claims brought against the United States and its employees. See Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). The Court thus construes Plaintiff's Complaint as being brought pursuant to Bivens, the appropriate avenue for which to bring civil rights claims against federal employees. See id.

Warden of FCI Fort Dix. Plaintiff alleges claims of mail tampering and retaliation. ECF No. 34.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff initiated this matter by filing an emergency motion for a temporary restraining order in the U.S. District Court for the District of South Carolina, without also filing a complaint. ECF No. 1. The Court there denied the motion and directed Plaintiff to bring his action into proper form by filing a complaint to comply with Federal Rule of Civil Procedure 3. ECF No. 30. Thereafter, Plaintiff filed the Complaint. ECF No. 34.

The allegations contained in the Complaint are sparse. Plaintiff describes his claims as mail tampering and retaliation, and "[a] multitude of retaliatory acts including mail tampering, retaliatory shakedowns and intimidation." Id.

at 6, 7.  Plaintiff states that he is asserting claims under the First Amendment regarding access to the courts and the Eighth Amendment for cruel and unusual punishment.  Id. at 34.  He provides no factual detail to support his claims.

Plaintiff lists as defendants Thomas Kane, the acting director of the Federal Bureau of Prisons, David Ortiz, the Warden of FCI Fort Dix, Officer Ruffin, a counselor at FCI Fort Dix, and Officer Halterman, also a counselor at FCI Fort Dix. Id. at 2-3.  He seeks to sue these defendants all in their official and not individual capacities.  Id.  As for the relief he requests, Plaintiff would like the Court to "sanction the BOP as it deems necessary."  Id. at 6.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated.  See ECF No. 45 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

In the Complaint, Plaintiff states that he wishes to sue the defendants in their official capacities only. An action against government officials in their official capacities constitutes an action against the United States, and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. See FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (noting that a Bivens action can be maintained against a defendant in his or her individual capacity only). As such,

4

Plaintiff fails to state any claim upon which relief may be granted, and the Complaint must be dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to replead his claims against the defendants in their individual capacities to the extent that he wishes to do so.[2]

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.

Dated: November 20, 2018            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J

---

[2] Although the Court dismisses this action based on sovereign immunity as the defendants cannot be sued in their official capacities, the Court notes that the Complaint is devoid of factual allegations despite Plaintiff providing detailed facts in his briefing to support his motion for a temporary restraining order and related proceedings. Plaintiff is reminded that pleadings may not be supplemented by letter, briefs, or other submissions. Any proposed amended complaint must contain all of Plaintiff's factual allegations and legal claims in one short and plain statement. Fed. R. Civ. P. 8(a).