```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN DAVID BAKER, | No. 18-cv-3820 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| THOMAS KANE, et al., | |
| Defendants. | |

APPEARANCE:
John David Baker, No. 57359-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff John David Baker, a prisoner presently incarcerated at Federal Correctional Institution ("FCI") Fort Dix in Fort Dix, New Jersey, seeks to bring by Amended Complaint a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against defendants Thomas Kane, acting director of the Federal Bureau of Prisons, David Ortiz, warden of FCI Fort Dix, Warden Joiner of FCI Estill, Lieutenant T. Brown of FCI Fort Dix, and Counselor G. Ruffin of FCI Fort Dix, all in their personal capacities. ECF No. 48 at 3-9. Plaintiff alleges claims of mail tampering, staff threats, and retaliation. Id.

1

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff initiated this matter by filing an emergency motion for a temporary restraining order in the U.S. District Court for the District of South Carolina, without also filing a complaint. ECF No. 1. The Court there denied the motion and directed Plaintiff to bring his action into proper form by filing a complaint to comply with Federal Rule of Civil Procedure 3. ECF No. 30. Thereafter, Plaintiff filed the Complaint, ECF No. 34, which was dismissed without prejudice because Plaintiff sought to only sue the defendants in their official, not personal capacities. See ECF Nos. 46 (op.), 47 (order).

Plaintiff has now filed an Amended Complaint that sues the defendants in their personal capacity. ECF No. 48 at 3-9. Plaintiff explains in the Amended Complaint that he "was placed

2

in transit by the Bureau of Prisons as a retaliatory act, and then transferred to FCI Fort Dix in New Jersey." Id. at 6. While at Fort Dix, Plaintiff says that prison officials have made threats against him and that his mail has been tampered with. Id. At FCI Fort Dix, Plaintiff says that has been "repeatedly threatened" by staff to refrain from reporting any misconduct and to drop this litigation. Id. According to Plaintiff, these actions have been occurring under the BOP Director and the wardens of FCI Estill and FCI Fort Dix. Id. Plaintiff also alleges that Defendants Brown and Ruffin have each made threats against him with reference to this lawsuit. Id.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated. See ECF No. 45 (granting in forma pauperis application).

3

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

The Court will dismiss without prejudice Defendants Director Kane, Warden Ortiz, and Warden Joiner, against whom there are no allegations of knowledge of or involvement in the alleged wrongful conduct. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). See also Ashcroft v. Iqbal, 556 U.S. 662, 676

4

(2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. Here, Plaintiff alleges neither personal direction, participation, or actual knowledge and acquiescence by these defendants. Instead, he states only that the misconduct occurred "under" them. This is insufficient to establish personal involvement required for a civil rights Bivens claim. As such, these defendants must be dismissed.[1]

Plaintiff's allegations regarding verbal threats against Defendants Brown and Ruffin will also be dismissed without prejudice for failure to state a claim. Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable in a civil rights action. See Verbanik v. Harlow, 512 F. App'x 120, 123 (3d Cir. Jan. 28, 2013) (per curiam); Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012). Here,

---

[1] If Plaintiff wishes to include Director Kane, Warden Ortiz, and Warden Joinder as defendants, he may file a second amended complaint that includes specific factual allegations of personal involvement by these individuals, which support a claim for relief. For example, Plaintiff must allege that his constitutionally protected conduct was "a substantial or motivating factor" in the decision to transfer him in order to state such a claim against a defendant. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

there is no allegation that either defendant took any action that would, coupled with a threat, create a cognizable claim. Plaintiff does not allege, for example, that these defendants have tampered with his mail or retaliated against him in some other way.  Absent additional action beyond a verbal threat, Plaintiff cannot state a claim against these defendants, and they must be dismissed

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  Although Plaintiff has been afforded one previous opportunity to amend, the Court will grant, in a exercise of caution, one additional opportunity to replead his claims against the defendants in their individual capacities to the extent that he wishes and is able to do so.

<u>CONCLUSION</u>

For the reasons stated above, the Amended Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted.  An appropriate order follows.


Dated: <u>August 22, 2019</u>      __s/ Noel L. Hillman_____
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J