UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DAVID BAKER, | No. 18-cv-3820 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| THOMAS KANE, et al., | |
| Defendants. | |

APPEARANCE:

John David Baker, No. 57359-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff John David Baker, a prisoner presently incarcerated at FCI Fort Dix in Fort Dix, New Jersey, seeks to bring by second amended complaint a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against defendants Thomas Kane, former acting director of the Federal Bureau of Prisons, David Ortiz, warden of FCI Fort Dix, Warden Joiner of FCI Estill, Lieutenant T. Brown of FCI Fort Dix, and Counselor G. Ruffin of FCI Fort Dix, all in their personal capacities.  ECF No. 54.

    At this time, the Court must review the second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or

1

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will permit the second amended complaint to proceed on Plaintiff's mail tampering claims.  His retaliation claim is dismissed for failure to state a claim.

BACKGROUND

Plaintiff initiated this matter by filing an emergency motion for a temporary restraining order in the U.S. District Court for the District of South Carolina, without also filing a complaint.  ECF No. 1.  The Court there denied the motion and directed Plaintiff to bring his action into proper form by filing a complaint to comply with Federal Rule of Civil Procedure 3.  ECF No. 30.  Thereafter, Plaintiff filed the Complaint, ECF No. 34, which was dismissed without prejudice because Plaintiff sought to only sue the defendants in their official, not personal capacities.  See ECF Nos. 46 (op.), 47 (order).

Plaintiff thereafter filed an amended complaint.  ECF No. 48.  Plaintiff alleged in the amended complaint that he "was placed in transit by the Bureau of Prisons as a retaliatory act, and then transferred to FCI Fort Dix in New Jersey."  Id. at 6. While at Fort Dix, Plaintiff says that prison officials have made threats against him and tampered with his mail.  Id.

Plaintiff stated that has been "repeatedly threatened" by staff to refrain from reporting any misconduct and to drop this litigation.  Id.  According to Plaintiff, these actions have been occurring under the BOP Director and the wardens of FCI Estill and FCI Fort Dix.  Id.  Plaintiff also alleges that Defendants Brown and Ruffin have each made threats against him with reference to this lawsuit.  Id.

The Court dismissed the amended complaint without prejudice on August 22, 2019 for failure to state a claim.  ECF No. 53. It permitted Plaintiff to file a second amended complaint addressing the factual deficiencies.  Id.  This motion to file an all-inclusive complaint followed.  ECF No. 54.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated.  See ECF No. 45 (granting in forma pauperis application).

3

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff is a citizen of the United Kingdom.  His second amended complaint alleges that the Bureau of Prisons ("BOP") officials intercepted a report from the United Kingdom's Foreign and Commonwealth Office Mistreatment Panel ("the Tuck/Schaapveld Report") investigating his treatment at FCI Estill, South Carolina.  ECF No. 54 at 2-3.  According to Plaintiff, the Tuck/Schaapveld Report was intercepted on May 11, 2017 and a request to transfer him from FCI Estill was signed by Warden Joyner five days later.  Id. at 3.

4

Plaintiff was interviewed on May 19, 2017 by an unidentified SIS officer who had a copy of the Tuck/Schaapveld Report in his possession.  Id. at 4.  Plaintiff states the officer told him that "he was being 'shipped'" and that "if he co-operated with the SIS investigation and explained the nature, origin, and proliferation of the Tuck/Schaapveld Report he would be sent 'close to home'" and "if he refused to provide more details of his home Government's investigations, he would be moved elsewhere, further away from family." Id.  Plaintiff's family resides in Orlando, Florida, and he had been designated for transfer to FCI Coleman in Sumterville, Florida.  Id.  On May 25, 2017, his designated place of confinement was changed to FCI Fort Dix, New Jersey.  Id.

After arriving at Fort Dix, Plaintiff "was threatened by Counselor Ruffin; shown the copy of the Tuck/Schaapveld Report, and told not to pursue further legal and/or consular action against the BOP or else there would be reprisals." Id. at 6.  Counselor Ruffin told Plaintiff his transfer to Fort Dix had been disciplinary, but Plaintiff states there was no disciplinary action against him.  Id.

Plaintiff alleges that he suffered various retaliatory acts while confined at Fort Dix, "including mail tampering and the willful withholding of legal filings sufficient to miss deadline; retaliatory shakedowns during which evidence against

the BOP was seized; consular interference which included blocked consular phone calls, withheld, interrupted, opened and seized consular correspondence; and the deliberate blocking and obstruction of legal phone calls." Id. at 6-7.

Plaintiff asserts all of the actions against him are retaliation for his participating in an investigation conducted by the British Consulate into the BOP's mistreatment of Plaintiff. "[T]he prison officials ordered the transfer the same week that the incriminating Tuck/Schaapveld Report was opened and read by BOP Investigators . . . and it is ultimately proven by the Plaintiff's current location in New Jersey, a state with which the Plaintiff has no connections or ties, in a prison over 1,000 miles away from his family." Id. at 10.

The Court is constrained to dismiss Plaintiff's retaliation claims for failure to state a claim. "The Supreme Court has never implied a Bivens action under any clause of the First Amendment." Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). In Ziglar v. Abbasi, the Supreme Court concluded "that expanding the Bivens remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017). The Third Circuit has thus far held that Ziglar prevents First Amendment retaliation claims against federal employees from

6

going forward.  See Watlington on behalf of FCI Schuylkill
African Am. Inmates v. Reigel, 723 F. App'x 137, 140 n.3 (3d
Cir. 2018) (citing Vanderklok).  Because current Third Circuit
case law does not recognize a Bivens action for retaliation by
federal employees, the Court must dismiss the retaliation
claims.

       However, the Court will permit the second amended complaint
to proceed to the extent it raises interference with mail
claims, as opposed to alleging the interference was solely an
act of retaliation.  Thomas Kane, the former acting director of
the BOP, and David Ortiz must be dismissed.  "Bivens is not
designed to hold officers responsible for acts of their
subordinates."  Ziglar, 137 S. Ct. at 1860.  Plaintiff concedes
he is unable to identify the persons responsible for interfering
with his mail, see ECF No. 1 at 11-12, and any link between the
persons responsible for the mail tampering and the named
defendants is speculative at this point in time.  Therefore, the
Court will instruct the Clerk to add John Doe defendants to the
caption.

       The U.S. Marshals cannot serve John Doe defendants;
Plaintiff must be able to identify defendants before the
Marshals can serve the second amended complaint.  "[A]n
appropriate method for the plaintiff to seek the identity of the
John Doe defendants is through the use of a subpoena directed to

7

officials" at FCI Fort Dix.  Gerber v. Various Other Prison

Officials, No. 1:06CV01358, 2007 WL 1847582, at *2 (M.D. Pa. May

10, 2007) (report and recommendation adopted June 25, 2007).

Subpoenas are governed by Federal Rule of Civil Procedure 45.

CONCLUSION

     For the reasons stated above, Plaintiff's motion to file an

all-inclusive complaint is granted.  Plaintiff's retaliation

claim is dismissed for failure to state a claim.  All defendants

other than the John Doe defendants are dismissed.  Plaintiff

shall submit an amended complaint within 45 days of this Opinion

and Order identifying John Doe defendants whom he claims are

liable for his interference with mail claims.  An appropriate

order follows.


Dated: _April 21, 2020       ___s/ Noel L. Hillman_____
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J