```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN DAVID BAKER,<br><br>           Plaintiff,<br><br>      v.<br><br>THOMAS KANE, et al.,<br><br>           Defendants. | No. 18-cv-3820 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:

John David Baker, No. 57359-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff John David Baker, a prisoner presently incarcerated at FCI Fort Dix in Fort Dix, New Jersey, is proceeding with a second amended complaint a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against defendants Thomas Kane, former acting director of the Federal Bureau of Prisons, David Ortiz, warden of FCI Fort Dix, Warden Joiner of FCI Estill, Lieutenant T. Brown of FCI Fort Dix, and Counselor G. Ruffin of FCI Fort Dix, all in their personal capacities.  ECF No. 54.

    Plaintiff seeks reconsideration of the Court's dismissal of his retaliation claims.  ECF No. 62.  He also filed a "motion to

1

report further interference", ECF No. 61, which the Court construes as a motion for an extension of time to comply with the Court's order requiring Plaintiff to identify the John Doe defendants or submit a request for a subpoena.  See ECF No. 56.

For the reasons stated below, the motion for reconsideration will be denied.  The motion for an extension will be granted.

I.   BACKGROUND

Plaintiff initiated this matter by filing an emergency motion for a temporary restraining order in the U.S. District Court for the District of South Carolina, without also filing a complaint.  ECF No. 1.  That court denied the motion and directed Plaintiff to bring his action into proper form by filing a complaint to comply with Federal Rule of Civil Procedure 3.  ECF No. 30.  Plaintiff submitted his complaint on the proper form, ECF No. 34, and the court transferred the matter to this District as Plaintiff raised claims against officials at FCI Fort Dix, New Jersey.  ECF No. 39.

This Court dismissed the complaint without prejudice and permitted Plaintiff to file an amended complaint.  ECF No. 47.  Plaintiff submitted an amended complaint, ECF No. 48, which this Court dismissed for failure to state a claim, ECF No. 53.  With leave of Court, Plaintiff filed his second amended complaint.  ECF No. 54.  The Court screened the second amended complaint

2

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and permitted Plaintiff's mail tampering claims to proceed on April 21, 2020. ECF No. 56.  The Court dismissed his retaliation claim for failure to state a claim.  Id.

As the mail tampering claims only named John Doe defendants, the Court ordered Plaintiff to either file a third amended complaint that identified the John Does defendants or to follow Rule 45's procedure for requesting subpoenas.  Id. Plaintiff requested an extension of time to comply, ECF No. 57, and the Court granted an extension until July 31, 2020.  ECF No. 58.  Plaintiff filed a second request for an extension, stating he "wishes to wait until his Motion for Reconsideration is ruled upon before proceeding."  ECF No. 59 at 1.  The Court denied that request as no motion for reconsideration had been filed. ECF No. 60.

On August 5, 2020, Plaintiff filed a motion for reconsideration of the Court's screening order and a motion to report further interference with his mail.  ECF Nos. 61 & 62. He alleged Bureau of Prisons ("BOP") officials prevented his motion for reconsideration from being filed and asked the Court to further extend the time to comply with the Court's April 21, 2020 order.  ECF No. 61.  He also asks the Court to reinstate his retaliation claims.  ECF No. 62.

II.  STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. DISCUSSION

Plaintiff is a citizen of the United Kingdom.  His second amended complaint alleges that BOP officials intercepted a report from the United Kingdom's Foreign and Commonwealth Office Mistreatment Panel ("the Tuck/Schaapveld Report") investigating his treatment at FCI Estill, South Carolina.  ECF No. 54 at 2-3.  Plaintiff alleged that the BOP retaliated against him for participating in an investigation conducted by the British Consulate into the BOP's mistreatment of Plaintiff.  The Court dismissed the retaliation claims as barred by the Supreme

Court's decision in Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017).

Plaintiff moves for reconsideration of that dismissal. ECF No. 62. Plaintiff "understands the Court's constraints in denying the cause as it is currently brought pursuant to a Bivens remedy" and asks the Court to "construe[] his second amended complaint – and indeed this Motion for Reconsideration— with as much liberal construction as is humanly conceivable, so that his retaliation claim may proceed." Id. at 2. "[T]here is a clear and obvious timeline of evidence, supported by documentation, to show clear violations of law and policy. Moreover, the Court dismisses the more egregious misconduct of the Defendants because . . . Bivens action does not extend to First Amendment claims." Id. at 3. Plaintiff asserts the District of South Carolina classified his complaint as a Bivens action. Id.

Plaintiff has not shown a valid reason for reconsideration of the Court's order. His arguments are based on a disagreement with the Court's conclusion that Abbasi prohibits the extension of a Bivens remedy to retaliation claims. Disagreement with the Court's decision is not a proper basis for reconsideration. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Plaintiff's other argument that the District of South Carolina classified his claims as permissible Bivens

5

claims is unpersuasive because that court never screened the merits of the complaint; it denied Plaintiff's motion for a preliminary injunction, ECF No. 12, and dismissed the complaint for lack of prosecution, ECF No. 17.  After reinstating the complaint, ECF No. 34, the District of South Carolina transferred the complaint to this District for purposes of conducting a merits review.  ECF No. 39.

Plaintiff also asks the Court to reevaluate his claims as Eighth Amendment or Fifth Amendment due process claims instead of First Amendment claims.  The Court will not do so as the facts alleged in the complaint do not state a claim for cruel or unusual punishment or due process violations.  As there is no proper basis for a motion for reconsideration, the motion will be denied.

The Court will grant Plaintiff a final extension of time to either submit a third amended complaint identifying the John Doe defendants or a request for subpoenas to be issued to officials at FCI Fort Dix.  If plaintiff elects to request a subpoena, the request must comply with Federal Rule of Civil Procedure 45.  Failure to comply with this order will result in dismissal for lack of prosecution.

IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, ECF No. 62, will be denied.  Plaintiff's motion

to report further interference, construed as a motion for an extension, will be granted.  ECF No. 61.  Plaintiff may have until April 1, 2021 to either submit a third amended complaint identifying the John Doe defendants or a request for subpoenas to be issued to officials at FCI Fort Dix.

    An appropriate order follows.


Dated: March 3, 2021            s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J